UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ORAY SAVOIE**                                    **CIVIL ACTION NO. _____**

**VS.**                                            **JUDGE _____**

**THE IBERIA PARISH CORRECTIONAL FACILITY
WARDEN WESLEY HAYES, SHERIFF LOUIS
ACKAL, THE IBERIA PARISH CORRECTIONAL
FACILITY AND JOHN DOE**                            **MAGISTRATE _____**

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Oray Savoie, a person of the full age of majority and resident of Jeanerette, Iberia Parish, Louisiana, who, for his complaint, respectfully represents that:

1.

This case arises under 42 U.S.C.A. § 1983 and the Eight Amendment of the U.S. Constitution and thus, this Honorable Court has Federal Question jurisdiction pursuant to 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1331.

2.

Made defendants herein are:

A)  **THE IBERIA PARISH CORRECTIONAL FACILITY**, a Louisiana parish correctional facility, who may be served through Warden Wesley Hayes, at 3618 Broken Arrow Road, New Iberia, Louisiana 70560

B)  **WARDEN WESLEY HAYES**, a person of the full age of majority and resident of Iberia Parish, Louisiana, who may be served in his official capacity at 3618 Broken Arrow Road, New Iberia, Louisiana 70560

C)  **SHERIFF LOUIS ACKAL**, a person of the full of majority and resident of Iberia Parish, Louisiana, who may be served in his official capacity as Sheriff for Iberia Parish at 300 S. Iberia Street, Room 120, New Iberia, Louisiana 70560

D) **THE IBERIA PARISH SHERIFF'S DEPARTMENT**, a Louisiana policed entity who may be served through Sheriff Louis Ackal at 300 S. Iberia Street, Room 120, New Iberia, Louisiana 70560

E) **JOHN DOE**, a presently unknown deputy and employee of the Iberia Parish Sheriff's Department and Iberia Parish Correctional Facility, and presumed to be a resident of the State of Louisiana and Iberia Parish.

3.

On or about August 25, 2012, plaintiff, Oray Savoie, was picked up on a warrant by the Iberia Parish Sheriff's Department, as a result of a failure to appear on a misdemeanor charge.

4.

Upon information and belief, plaintiff, Oray Savoie, was transported by the Iberia Parish Sheriff's Department to the Iberia Parish Correctional Facility located in New Iberia, Louisiana.

5.

Upon information and belief, the arresting deputy(ies) with the Iberia Parish Sheriff's Department transported plaintiff, Oray Savoie, to the Iberia Parish Correctional Facility, where he was turned over to corrections officers also employed by defendant, Iberia Parish Sheriff's Department.

6.

Upon information and belief, while in the care and control of the defendant, Iberia Parish Sheriff's Department, at the facility run by defendant, Warden Wesley Hayes, plaintiff was placed into a booking room for booking into the correctional facility.

7.

Upon information and belief, at some point on August 25, 2012, Mr. Savoie was called to a finger printing room in order to complete his booking by defendant, John Doe, an employee and deputy with the Iberia Parish Sheriff's Department and/or Iberia Parish Correctional Facility, and

who was in the course and scope of his employment with the Iberia Parish Sheriff's Department and/or Iberia Parish Correctional Facility.

8.

Upon information and belief, as Mr. Savoie was walked into the finger printing room of the Iberia Parish Correctional Facility, he was escorted by Deputy John Doe, who was standing directly behind him in order to bring him to the finger printing room.

9.

Upon information and belief, during finger printing, a dispute arose between plaintiff, Oray Savoie and one or more employees of defendant, Iberia Parish Sheriff's Department and/or Iberia Parish Correctional Facility.

10.

During ths disagreement, plaintiff, Oray Savoie, a 5' 8", 160lbs. gentleman in handcuffs, was violently taken to the floor by defendant, Deputy John Doe, while plaintiff was under the custody and control of defendants, Iberia Parish Sheriff's Department and/or Iberia Parish Correctional Facility.

11.

Upon information and belief, defendant, John Doe, exhibited deliberate indifference to the safety of plaintiff, Oray Savoie, when executing a take-down maneuver from behind and by the neck of Oray Savoie.  Due to the deliberate indifference of defendant, Deputy John Doe, in executing his take-down maneuver, plaintiff, Oray Savoie, suffered a severely broken neck causing disabling and crippling injuries that will last for the remainder of his life.

12.

Defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes, The Iberia Parish Sheriff's Department, Sheriff Louis Ackal and Deputy John Doe, showed deliberate indifference for the safety of plaintiff, Oray Savoie, in their treatment of him while under their custody and control. Said deliberate indifference exposed plaintiff to a substantial risk of serious harm in violation of his Eight Amendment rights to protect from "cruel and unusual punishment".

13.

Upon information and belief, defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes, The Iberia Parish Sheriff's Department, Sheriff Louis Ackal and Deputy John Doe disregarded the risk of an aggressive take down from behind evidencing a egregious use of excessive force, with knowledge that there was a substantial risk of serious harm in violation of plaintiff's civil rights as protected under 42 U.S.C.A. § 1983.

14.

Additionally, Deputy John Doe, as an employee of defendants, The Iberia Parish Sheriff's Department and/or The Iberia Parish Correctional Facility, knew that executing a take down with excessive force while grasping the plaintiff around the neck, presented substantial risk of serious bodily harm, and he disregarded said risk by executing his aggressive and excessive take down. Said aggressive take down constitutes a violation of plaintiff's civil rights, in violation of 42 U.S.C.A. § 1983.

15.

Defendants, The Iberia Parish Correctional Facility, The Iberia Parish Sheriff's Department and Warden Wesley Hayes are vicariously liable through the operation of the doctrine of respondeat superior, for the acts committed by its employee, Deputy John Doe, and any other employees, who

were acting within the course and scope of their employment, at the time their acts of deliberate indifference and excessive force were committed.

16.

As a result of the foregoing, defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes, The Iberia Parish Sheriff's Department, Sheriff Louis Ackal and Deputy John Doe, have caused damage to plaintiff, Oray Savoie, by committing civil rights violations under 42 U.S.C.A. § 1983 and violations of the Eight Amendment of the U.S. Constitution in the following non-exclusive ways:

    a.    By showing deliberate indifference to the health and well being of detainee, Oray Savoie.

    b.    By executing an excessive and aggressive take down from behind and around the neck of Oray Savoie, such that his neck was broken.

    c.    By demonstrating excessive force in violations of the civil rights of plaintiff.

    d.    By showing deliberate indifference to the safety, well being, and health of plaintiff, Oray Savoie, by allowing an environment where said acts of violence can take place against detainees.

    f.    Any and all acts of negligence and/or intentional fault, which will be proven at the trial of this matter.

17.

Defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes, The Iberia Parish Sheriff's Department, Sheriff Louis Ackal and Deputy John Doe, have violated the civil rights of detainee, Oray Savoie, pursuant to 42 U.S.C.A. § 1983 and the Eight Amendment of the U.S. Constitution in the following non-exclusive manners:

    a.    By creating, permitting or perpetuating an ineffective means of restraining detainees/inmates.

    b.    By failing to take proper precautions to train and/or warn their employees against aggressive and excessive use of force in taking inmates/detainees down by the neck.

    c.      By failing to take reasonable measures to protect detainee, Oray Savoie, from violence committed by its employees/officers at the Iberia Parish Correctional Facility.

    d.      Any and all other acts of civil rights violations commenceable under 42 U.S.C.A. § 1983 or the Eight Amendment of the U.S. Constitution.

18.

Alternatively, and filed as Ancillary Claims pursuant to this Court's Ancillary jurisdiction over state law claims, plaintiff alleges that the defendants have negligently or intentionally caused injury to plaintiff, Oray Savoie, and as such, owe compensation pursuant to La. C.C.P. Art. 2315, 2317 and 2320.

19.

Upon information and belief, while plaintiff was in the care, custody and control of defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes and The Iberia Parish Sheriff's Department, Deputy John Doe, did commit acts of intentional violence and/or gross negligence against Oray Savoie in executing an aggressive and excessive take down of Mr. Savoie from behind.

20.

Pursuant to La. C.C.P. Art. 2317 and 2320, defendants, The Iberia Parish Sheriff's Department and/or The Iberia Parish Correctional Facility and/or Warden Wesley Hayes, were negligent in their failure to properly train and/or supervise defendant, Deputy John Doe in the use of excessive force against detainees/inmates of said facility. As the employers of Deputy John Doe, said defendants are liable under the doctrine of *respondeat superior* and/or operation of Louisiana law.

21.

Defendant, Deputy John Doe, did commit intentional acts of violence, including the use of excessive force, and/or negligently applied excessive force to the person of Oray Savoie, such that he broke the neck of Oray Savoie in executing a take down maneuver from behind and around the neck.

22.

Based upon the foregoing, plaintiff asserts Ancillary state law claims for intentional tort and/or negligence against defendants, The Iberia Parish Correctional Facility, The Iberia Parish Sheriff's Department and Warden Wesley Hayes in the following non-exclusive manners:

    a.    Negligently failing to supervise their employees who use excessive force.

    b.    Negligently allowing an environment to exist whereby excessive force is applied to inmates/detainees.

    c.    Negligently failing to train employees, such as Deputy John Doe, in the proper take down and use force to detainees/inmates.

    d.    Any and all other acts of state law negligence and/or intentional torts, which may be proven at the trial of this matter.

23.

Defendant, Deputy John Doe, is liable to plaintiff under Louisiana state law ancillary claims for negligence and intentional torts in the following non-exclusive manners:

    a.    Intentional use of excessive force.

    b.    Negligent use of excessive force.

    c.    Negligently taking down plaintiff, Oray Savoie, such that severe injuries resulted.

    d.    Any and all other acts of intentional violence and/or negligence which can be proven at the trial of this matter.

24.

As a result of the actions of defendants described hereinabove, plaintiff, Oray Savoie, has suffered serious and disabling bodily injuries, including a broken neck. Said broken neck has caused severe damages, including but not limited to:

    a.    Past medical expenses.

    b.    Future medical expenses.

    c.    Past lost wages

    d.    Future loss of earning capacity/future lost wages

    e.    Permanent disability

    f.    Loss of enjoyment of life

    g.    Past pain and suffering/mental and emotional anguish

    h.    Future pain and suffering/mental and emotional anguish

**WHEREFORE**, plaintiff, Oray Savoie, prays that after the lapse of all legal delays and due proceedings are had, there by judgment rendered herein in favor of Oray Savoie, and against defendants, The Iberia Parish Correctional Facility, Warden Wesley Hayes, The Iberia Parish Sheriff's Department, Sheriff Louis Ackal and Deputy John Doe for all compensatory damages, due and owing, for legal interest from the date of judicial demand on the amounts awarded, for the costs of all these proceedings, for attorneys fees, and all necessary orders and decrees that may be required to proper in the premises for full general and equitable relief.

        Respectfully submitted:

BY:    s/ JASON M. WELBORN
       JOSEPH F. GAAR, JR. (#16927)
       JASON M. WELBORN (#26548)
       WILLARD P. SCHIEFFLER (#25862)
       LUCAS S. COLLIGAN (#31761)
       617 S. Buchanan Street
       Lafayette, Louisiana 70501
       Telephone: (337) 233-3185
       Facsimile: (337) 233-0690
       **Attorneys for Plaintiff,**
       **ORAY SAVOIE**